IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANITA M. SANDAGER and
STEPHEN M. SANDAGER,

      Plaintiffs,

v.                                                          CIV 15-0120 MV/KBM

PROGRESSIVE DIRECT INSURANCE
COMPANY,

      Defendant.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Discovery Responses (*Doc. 43*), filed June 27, 2016. The Court held a Status Conference on June 29, 2016, at which it accepted Defendant's argument against the motion to compel as Defendant's oral response, obviating the need for the filing of a formal response brief. *Doc. 45*. The Court subsequently ordered Plaintiffs to file a reply brief focusing on the issue of timeliness. *Id.* Having received and reviewed Plaintiff's Reply (*Doc. 47*), the Court determines that Plaintiffs' Motion is not well taken and will be denied on timeliness grounds.

## BACKGROUND

Plaintiffs served Defendant with three requests for production pursuant to Federal Rule of Civil Procedure 34 on October 12, 2015. *Doc. 31*. Defendant objected to Plaintiff's requests on February 15, 2016. *Doc. 43*, Exhibit 2. More than four months later, Plaintiffs now move the Court to compel Defendant to respond to the requests for production. *Doc. 43*. Plaintiffs admit that their Motion is untimely under this Court's local

1

rules, but they assert that the Court should excuse their belated filing under Federal Rule of Civil Procedure 60(b)'s standard for excusable neglect.

## ANALYSIS

Under this District's Local Rules, "[a] party served with objections to [a] . . . request for production or inspection . . . must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection[.]" D.N.M.LR-Civ. 26.6. "Failure to proceed within this time period constitutes acceptance of the objection." *Id.* The Court may alter this deadline on a showing of good cause. *Id.* This is the same standard under Rule 6(b)(1)(B), which permits the Court to extend a deadline for good cause upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

Plaintiffs were required to file their Motion to Compel within 21 days of Defendant's objections, or by March 7, 2016. This they did not do. The only question is whether Plaintiffs have demonstrated good cause for extension of the deadline.

Plaintiffs' showing of good cause or excusable neglect consists of pointing to personnel turnover at their counsel's law firm such that the failure to file a timely motion to compel resulted from the handoff of this case from one attorney to another and then to current counsel. The Court finds this explanation insufficient to merit extension of the deadline under Rule 26.6, especially at this belated juncture. *See Gonzales v. Dulce Independent School District No. 21*, CIV 98-0520 LCS, Doc. 111 (D.N.M. July 19, 1999).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel is **denied.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE